CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

9/30/20
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

ROBERT T. WEBER,

   Plaintiff,

v.                                            Case No. 1:20CV51

                                        Jury Demanded

PAUL L. QUISONBERRY, JR., and
JSRS, INC.,

   Defendants.

## COMPLAINT

Comes the Plaintiff, by counsel, moves the Court for judgment against the above-named Defendants, jointly and severally, on the grounds and in the amounts hereinafter set forth, and in support thereof alleges the following:

### JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over the parties and the subject matter of this action based upon the diversity of the citizenship of the parties and in that the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), pursuant to 28 U.S.C. Sec. 1332 (a).

### PARTIES:

2. The Plaintiff, Robert T. Weber, is a citizen and resident of Tennessee, currently residing at 2601 N. John B. Dennis Highway, #310, Kingsport, Tennessee.

3. The Defendant, Paul Quisonberry, Jr., is a citizen and resident of Bland County, Virginia, currently residing at 7521 Clear Fork Creek Road, Bastian, Virginia.

4. The Defendant, JSRS, Inc., is Virginia corporation with its principal office address located at 11703 U.S. Highway 19, Lebanon, Virginia 24266-7118. The registered agent for service of process is John M. Stamper, 811 Settle Lane, Rosedale, Virginia 24280-0000.

5. On October 22, 2018, the Plaintiff was traveling on southbound Route 19 in Lebanon, Russell County, Virginia. The Defendant, Paul Quisonberry, Jr., was operating a tractor trailer, owned by Defendant JSRS, Inc., within the course and scope of his employment, or with the express or implied permission of Defendant, JSRS, Inc., in the same location.

6. At that time and place, it was the duty of Defendant, Paul Quisonberry, Jr., to operate his automobile with reasonable care and with due regard for others using the road.

7. Notwithstanding said duty, Defendant Quisonberry, Jr. was traveling on northbound Route 19 and did then and there so recklessly, carelessly and negligently turn left to make a u-turn onto southbound Route 19 and failed to yield the right of way to the Plaintiff, resulting in a collision of the two vehicles with great force and violence.

8. Plaintiff avers that the Defendant, JSRS, Inc., is liable to him for his damages under the alternate theories of *respondeat superior*, negligent entrustment, permissive use, agency or the family purpose doctrine.

9. The Plaintiff avers that the proximate cause of this accident were the following acts of negligence on the part of the Defendant, Paul Quisonberry, Jr.:

(a) failed to keep a proper lookout;

(b) failed to maintain his tractor trailer under proper control;

(c) failed to apply his brakes in time to avoid the collision;

(d) failed to give full time and attention to the operation of his tractor trailer;

(e) failed to keep his tractor trailer in proper mechanical condition;

(f) operated his tractor trailer at an excessive rate of speed;

(g) operated his tractor trailer in a reckless manner;

(h) made an improper u-turn; and

(i) failed to yield the right of way.

10. The Plaintiff further avers that the proximate cause of this accident was the Defendant Quisonberry's violation of the following statutes of the Commonwealth of Virginia constituting negligence *per se*:

> Code of Virginia Section 46.2-821. Vehicles before entering certain highways shall stop or yield right-of-way. The driver of a vehicle approaching an intersection on a highway controlled by a stop sign shall, immediately before entering such intersection, stop at a clearly marked stop line, or, in the absence of a stop line, stop before entering the crosswalk on the near side of the intersection, or, in the absence of a marked crosswalk, stop at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. Before proceeding, he shall yield the right-of-way to the driver of any vehicle approaching on such other highway from either direction.
>
> Where a "Yield Right-of-Way" sign is posted, the driver of a vehicle approaching or entering such intersection shall slow down to a speed reasonable for the existing conditions, yield the right-of-way to the driver of another vehicle approaching or  entering such intersection from another direction, and, if required for safety, shall stop at a clearly marked stop or yield line, or, in the absence of a stop or yield line, stop before entering the crosswalk on the near side of the intersecting roadway where the driver has  a view of approaching traffic on the intersecting roadway, and shall yield the
> right-of-way to the driver of any vehicle approaching on such other highway from either direction.

<u>Code of Virginia Section 46.2-825.</u> Left turn traffic to yield right-of-way. The driver of a vehicle, intending to turn left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction if it is so close as to constitute a hazard. At intersections controlled by traffic lights with separate left-turn signals, any vehicle making a left turn when so indicated by the signal shall have the right-of-way over all other vehicles approaching the intersection.

<u>Code of Virginia Section 46.2-845.</u> Limitation on U-turns. The driver of a vehicle within cities, towns or business districts of counties shall not turn his vehicle so as to proceed in the opposite direction except at an intersection.

No vehicle shall be turned so as to proceed in the opposite direction on any curve, or on the approach to or near the crest of a grade, where the vehicle cannot be seen by    the driver of any other vehicle approaching from any direction within 500 feet.

11. Both Defendants' actions amount to simple negligence, gross negligence, reckless misconduct, and willful and wanton negligence.

12. That as a direct and proximate result of the negligence of the Defendants, the Plaintiff sustained a traumatic brain injury, several broken vertebrae in his neck, and several rib fractures.  Plaintiff received extensive medical treatment for his injuries, including occupational therapy, and will require additional treatment in the future. Plaintiff also suffered lost wages, property damage, loss of the enjoyment of life, and permanent physical impairment. To date, the Plaintiff has incurred $590,184.17 in medical expenses and will incur additional medical expenses in the future.

13. The Plaintiff avers that the Defendant, Paul Quisonberry, Jr., acted with actual malice or with willful or wanton disregard as to the Plaintiff's rights as to entitle Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff prays for an Order of this Court granting judgment against the Defendants, jointly and severally, in the amount of $3,500,000.00 in compensatory damages and $350,000.00 in punitive damages. The Plaintiff additionally prays for such other general and further relief to which he may show himself entitled to upon a hearing of

this cause, including, but not limited to, interest at the maximum rate provided by law from the date of the accident, until paid, and his costs in this behalf expended. The Plaintiff respectfully requests that a jury try his cause.

                                      Respectfully submitted,

                                      s/ *Jason H. Arthur*
                                      Jason H. Arthur
                                      Attorney for Plaintiff
                                      132 Boone Street, Suite 5
                                      Jonesborough, TN 37659
                                      (423) 913-2700
                                      (423) 913-2710 Fax
                                      VSB # 65227
                                      TN Bar # 022659
                                      jay@jharthurlaw.com